JUSTIN BOUVIER, PETITIONER-PROSECUTOR, v. COUNTY GAS COMPANY, RESPONDENT-DEFENDANT.

Submitted January 15, 1946—Decided March 4, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the petitioner-prosecutor, *Joseph F. Mattice.*

For the respondent-defendant, *Henry H. Fryling (James O. Boyd,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case. The prosecutor was given an award in the Compensation Bureau of fifty per cent. of total permanent disability, the Deputy Commissioner finding that he had incurred injuries by accident arising out of and in the course of his employment. The judgment of the Bureau was reversed and set aside by Judge Knight, on appeal to the Monmouth County Court of Common Pleas, on the ground that prosecutor failed to sustain the burden of proof. In such holding we concur. Prosecutor's claim had no basis in fact, or in law.

The only question presented is one of fact as to whether the petitioner sustained an injury as a result of an accident arising out of and in the course of his employment. The extent of his injuries is not in dispute.

Petitioner was employed by the respondent as an engineer and general laborer. In the early morning of June 26th, 1941, he was cleaning fires in a boiler when he suffered a coronary occlusion. He had a pre-existing condition of high blood pressure. He testified:

"I went to work at 11 o'clock on the night of the 25th and I had cleaned half of the fire, and there were very large clinkers on the back wall of the boiler. This was made of brick, and when I slammed the bar into those clinkers it bounced and struck me on the left side and paralyzed me, my left arm, my left side and chest. I walked from there across the street, as I was all alone doing this work, and the emergency service man called a doctor."

The only evidence offered on petitioner's case in addition to that of himself was the testimony of three doctors, none of whom had treated him. They all testified in answer to a hypothetical question which contained the following: "When he slammed the bar into the clinkers, the bar bounced back and struck the petitioner on the left side and paralyzed his left arm, his left side and chest," that from the facts presented in the question the experience of June 26th, 1941, was causally related to and was the competent producing cause of petitioner's present condition. Two of these doctors said on cross-examination that if there had been no trauma there would be no causal relation between the employment and the disability, at least no probability of such. Contra to this testimony four doctors testified for the respondent, two of whom had treated the petitioner, one of these being petitioner's own doctor. Three of them stated that the work petitioner was doing at the time of the alleged accident had no causal connection with his heart condition.

Assuming that petitioner has borne the burden of proving by the reasonable probabilities that, on the medical testimony, there was a causal connection between his work and his disability, it must be remembered that such probability was predicated upon a hypothesis which included the facts that petitioner had been struck on the left side causing a paralysis of his left arm, left side and chest. This we find did not occur for the following reasons: no mention of the accident

was made by the petitioner to anyone immediately after his heart attack; a co-worker of petitioner accompanied him in the ambulance to a hospital and even after questioning obtained no history of an accident; upon admission to the hospital petitioner made no mention of an accident to the doctor who obtained his history, which history was entirely silent concerning the petitioner having received a blow to the chest; in an affidavit made by petitioner on July 16th, 1941, which was admitted into evidence during the trial in the court below, the petitioner specifically stated that "I did not have any accident or mishap of any kind that would have caused me to have this trouble," see *Newhouse* v. *Phillips,* 110 *N. J. L.* 421; a heart specialist, on testifying, stated that petitioner at his examination gave him no history of trauma; in an answer to a bill of particulars petitioner made no mention of his having been struck by the bar, see *Hopper et al.* v. *Gillett,* 6 *N. J. Mis. R.* 63; petitioner permitted his claim to lay dormant for almost two years before filing for compensation and in the meantime paid his own medical and hospital bills, such delay going to the *bona fides* of the suit, *Davenport* v. *Patteson,* 98 *N. J. L.* 65; *Aloia* v. *Plainfield Union Water Co.,* 11 *N. J. Mis. R.* 825; and the failure of petitioner to tell his physicians, attending or otherwise, of his alleged accident, *Schlegel* v. *H. Baron & Co.,* 130 *N. J. L.* 611. Those were not the actions of a man who had sustained an accident such as testified to by him at his hearing below.

The *criteria* of a compensable accidental injury are: first, was the employment one of the contributing causes without which the accident would not have happened; and second, was the accident one of the contributing causes without which the injury would not have been sustained. *Prino* v. *Austin,* 120 *N. J. L.* 19. Neither of these tests was met in the instant case.

The judgment of the Court of Common Pleas is affirmed, with costs.